*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5216-GHK (JEMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | *Youn Soon Sung v. Alice Rham* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On July 10, 2015, Defendant Thomas Kim dba Unimae ("Kim")[1] removed the above-titled action to this Court. The Notice of Removal ("NOR") contends that we have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal question jurisdiction under 28 U.S.C. § 1331 requires that an action "arise under" federal law. In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Here, the state court complaint alleges only a claim for unlawful detainer under California law. Therefore, it does not appear that this case presents a federal question. In his NOR, Kim argues that we have federal jurisdiction because Plaintiff allegedly "violated [his] rights as defined by 15 U.S.C. § 1601 et seq. of the Truth in Lending Act ('TILA')." (NOR at ¶ 6.) However, the "well-pleaded complaint rule" requires that the federal question appear "on the face of the *plaintiff's* properly pleaded complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (emphasis in original) (citation omitted). Defendant's assertion of a defense or a counterclaim under federal law does not mean that this unlawful detainer action arises under federal law.

The removing party bears the burden of establishing the existence of federal subject matter jurisdiction, and if there is any doubt as to whether removal was proper, remand is required. 28 U.S.C. § 1447(c); *Duncan v. Stuetzie*, 76 F.3d 1480, 1485 (9th Cir. 1996). Since no basis for federal question

---

[1] Kim's name does not appear in the caption to this action, but he purports to be an unnamed Defendant. (NOR at 1.)

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5216-GHK (JEMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | *Youn Soon Sung v. Alice Rham* | | |

jurisdiction is evident based on the Complaint,[2] Kim is hereby **ORDERED TO SHOW CAUSE**, in writing, **within ten (10) days hereof**, why this matter should not be remanded because this Court lacks subject matter jurisdiction. Kim's failure to timely and adequately show cause as required herein shall be deemed Kim's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded.

In light of this OSC, Plaintiff Youn Soon Sung's ("Plaintiff") Ex Parte Application to Remand Action to State Court, or In the Alternative, Shortening Time for A Motion to Remand is **DENIED as moot**.

**IT IS SO ORDERED.**

                                                                                                                                                              :

Initials of Deputy Clerk     AB for Bea

---

[2] Though Kim does not raise the argument, we also note that there appears to be no diversity jurisdiction because the amount in controversy does not exceed $75,000 and the citizenship of the Parties is not alleged.